## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| DORIAN WILLIAMS, | ) |
| Movant, | ) |
| v. | ) No. 4:22-CV-734 SEP |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

### OPINION, MEMORANDUM AND ORDER

This matter comes before the Court on movant's document titled "Habeas Corpus ad Subjiciendum pursuant to 28 U.S.C. § 1651." After review of the pleading the Court finds that movant is seeking to vacate his judgment entered in *Williams v. United States,* No. 4:10CR194 HEA (E.D.Mo). Therefore, the Court finds that this matter should be construed as one brought pursuant to 28 U.S.C. § 2255.[1] The motion is successive and will be denied and dismissed.

### Background

On March 31, 2010, movant was indicted for conveying false information concerning a commercial aircraft bombing in violation of 18 U.S.C. § 35(b) (Count I) and conveying a false telephone threat to kill and injure individuals and damage and destroy property by means of an

---

[1]Although movant indicates his intention to seek relief pursuant to 28 U.S.C. § 1651, the "All Writs Act," is unavailing because the relief movant seeks is addressed by 28 U.S.C. § 2255. The United States Supreme Court has explained that:

> The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling. Although that Act empowers federal courts to fashion extraordinary remedies when the need arises, it does not authorize them to issue ad hoc writs whenever compliance with statutory procedures appears inconvenient or less appropriate.

*Pennsylvania Bureau of Correction v. U.S. Marshals Service*, 474 U.S. 34, 43 (1985).

explosive in violation of 18 U.S.C. § 844(e) (Count II). After a three-day jury trial, movant was sentenced on November 21, 2011, to 100 months' imprisonment in the Federal Bureau of Prisons, consisting of 60 months on Count I and 100 months on Count II, to be served concurrently. Movant was also sentenced to three years of supervised release on each term, to be served concurrently.

Movant appealed his judgment to the Eighth Circuit Court of Appeals. *See United States v. Williams*, 690 F.3d 1056 (8th Cir. 2012). On August 30, 2012, the Court of Appeals affirmed the District Court's conviction and sentence, including the Court's finding that movant was a career offender. *Id.* Movant filed a petition for writ of certiorari with the United States Supreme Court on November 29, 2012. *See Williams v. United States*, No. 12-7504 (2012). The petition for writ was denied on March 4, 2013. *Id.*

Movant filed his first motion to vacate, set aside or correct sentence brought pursuant to 28 U.S.C. § 2255 on June 18, 2014. *Williams v. United States*, No. 4:14-CV-1107 HEA (E.D.Mo). Movant argued that *Descamps v. United States*, 570 U.S. 254 (2013), retroactively prohibited the methodology used by the District Court and the Eighth Circuit Court of Appeals in determining that his conviction was a crime of violence. The District Court denied movant's motion to vacate on June 16, 2017. *Id.* Movant failed to file an appeal of the denial of his motion to vacate.

On July 11, 2022, movant filed a second motion to vacate, set aside or correct sentence brought pursuant to 28 U.S.C. § 2255. *Williams v. United States*, No. 4:22-CV-732 HEA (E.D. Mo.). The Court has not yet reviewed movant's motion to vacate in that matter.

In the instant action, titled "Habeas Corpus ad Subjiciendum pursuant to 28 U.S.C. § 1651," movant argues that he is entitled to immediate release from confinement. He claims that he was unlawfully convicted in his criminal action while incompetent to stand trial and therefore, his right to a fair jury trial was violated.

2

**Discussion**

An application by a prisoner that asserts a federal basis for relief from a state or federal court's judgment of conviction under § 2244(b) or § 2255(h) must comply with the second or successive restrictions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005). Thus, a petitioner is not permitted to circumvent the AEDPA's second or successive petition requirements simply by labeling the petition or motion as something other than what it is. *Id*. at 531. "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get Out of Jail Card; the name makes no difference. It is substance that controls." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004).

Because the substance of the instant petition concerns the validity of movant's criminal conviction, it must comply with the AEDPA's second or successive requirements. Unfortunately, movant's "Habeas Corpus ad Subjiciendum pursuant to 28 U.S.C. § 1651" does not comply. Furthermore, the claims in the instant petition are duplicative of the claims pending before this Court in *Williams v. United States*, No. 4:22-CV-732 HEA (E.D. Mo.).

For these reasons, the instant "Habeas Corpus ad Subjiciendum pursuant to 28 U.S.C. § 1651" will be denied and dismissed as a second or successive motion to vacate.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside, or correct sentence [ECF No. 1] is **DENIED AND DISMISSED as SUCCESSIVE**.

**IT IS FURTHER ORDERED** that movant's motion for appointment of counsel [ECF No. 2] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 14th day of July, 2022.

                        HENRY EDWARD AUTREY
                        UNITED STATES DISTRICT JUDGE